## LOIS HARRIS, Respondent, v. D. SHEFFEL, Appellant.

### Kansas City Court of Appeals, April 2, 1906.

1. **APPELLATE AND TRIAL PRACTICE: Conflict of Evidence: Jury Question.** Where an issue of fact is properly submitted to the jury the verdict eliminates it from the consideration of the appellate court.

2. **SALES: Evidence: Fraud: Contract of Rental.** A contract of rental permitted the lessees to sell their stock and transfer to the vendee an obligation to perform the conditions imposed on the lessee, and a sale by the latter in good faith, as is shown by the evidence in the cause, shifted the performance of the contract to the vendee, though he was not acceptable to the landlord.

3. **——: Contract of Rental: Debt of Landlord: Action.** The lessee under his contract of rental sold his stock of merchandise in the leased premises. *Held,* under his contract, that he did not thereby extinguish a debt due him from the landlord, since the latter had agreed to pay the debt in beer when ordered by the lessee, regardless of how or when he intended to use it, regardless of the continuation of the relation of landlord and tenant between them; and the tenant after such sale could maintain an action for refusal of the landlord to deliver the beer on demand and recover in money.

4. **——: ——: ——: ——: Technicality.** The contention that by the lessee's sale to his vendee of the exclusive right to sell beer in the village, the landlord could not deliver the beer to the lessee without violating the latter's duty to the vendee, is too technical for consideration, since the vendee derived his right to handle the defendant's beer under a contract that required the payment of defendant's debt in that product and was bound by this provision.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

AFFIRMED.

*Peery & Lyons* and *Culver & Phillip* for appellant.

(1)   The court erred in refusing to give the demur-
rer to the evidence asked by defendant.   (2)   The court
erred in giving plaintiff's instruction numbered 2.

*H. M. Ramey, Jr.,* for respondent.

(1)   The contract admits of no such construction
as given it by defendant.   (2)   Instruction numbered
2 given for plaintiff is not fully and fairly stated in de-
fendant's brief.   The instruction authorized a verdict
"if Sheffel refused to furnish beer to Black at the in-
stance and request of said George Harris and Lois Har-
ris" and not if he "refused to sell beer to Black" as de-
fendant states.

JOHNSON, J.—Defendant was the agent of the
Anheuser-Busch Brewing Association and was the
owner of a brick store building in the town of Gentry.
Plaintiff and George Harris were conducting a drug-
store in the building under a contract for the purchase
thereof, which provided for the payment of the purchase
price in installments, and had paid defendant $280 on
the contract when litigation began between the parties
as the result of a disagreement over the construction of
its terms.   On September 17, 1903, the parties compro-
mised their suit and entered into a new contract in writ-
ing, wherein they made the following agreement.

Defendant leased the building to Lois and George
Harris for a term of five years for a rental of $20 per
month on the condition that the lessees should during
that period conduct therein either a drugstore or saloon
and "handle exclusively the beer manfactured by the
Anheuser-Busch Brewing Association."   Defendant
agreed to give the lessees the exclusive sale of that beer
in the village of Gentry and further agreed to pay them
the sum of $230 on account of the payments made by

them under the old contract," such payment to be made by giving them credit on the books of said Sheffel for that amount ($230), to be applied to the payment of their account and payment for goods (beer) purchased in the future by them." It was further stipulated "that the parties of the second part (Lois and George) shall have the right to sell said stock subject to the conditions of this contract, to assign this contract and all benefits conferred on them by it, including the possession of such building, but such assignee shall not be entitled to continue in the possession of said building unless he complies with all of the terms and conditions of this contract to be performed by the parties of the second part."

Plaintiff and George Harris continued in the drug business under this contract for a period of about six weeks and then sold their stock to a Mr. Black for the sum of $600, of which Black paid $175, and for the remainder gave his note secured by a chattel mortgage on the stock. Black assumed the performance of the conditions imposed upon his vendors under their contract with defendant and continued the business. Before this sale, the lessees bought beer of defendant of the value of $83, which was charged to them and reduced the amount of defendant's indebtedness to them to $147. After the sale, plaintiff and George Harris gave defendant an order for beer to be shipped to Black and directed that the amount of the purchase be charged to their account, but the order was refused by defendant and the indebtedness of defendant to them repudiated for the reason that the sale to Black was unsatisfactory to defendant. Shortly after this Black quit business. George Harris assigned his interest in the debt to plaintiff, who sued defendant in a justice court for its recovery. At the trial in the circuit court, plaintiff had judgment in the sum of $147.00 and defendant appealed.

It is urged by defendant that his demurrer to the evidence should have been sustained. An attempt was

made by defendant to show that plaintiff failed to pay the rent as stipulated in the contract and, therefore, was in default when defendant refused to fill the order given for the shipment to Black. We find substantial evidence in the record supporting plaintiff's contention that no such default occurred and, as that issue under the evidence became one of fact, was submitted to the jury in an appropriate instruction and decided adversely to defendant, it is eliminated from our consideration.

Nor can we entertain the suggestion that the sale made to Black was not in good faith, but was a device by which the lessees attempted to evade the burden of their contract and yet retain its benefit. Under the facts before us, that issue also was essentially one of fact for the jury and not of law for the court. We must assume the sale was made in good faith and, as the contract expressly authorized the lessees to sell their stock and transfer to their vendee the obligation to perform the conditions imposed on them by the contract, it follows that when the sale was made in the manner described the lessees stood in the position of having fully performed the contract and Black, their vendee, took up the burden of further performance thus shifted to him notwithstanding the substitution was not acceptable to defendant. So long as the lessees acted in good faith, the contract gave them the right to sell to whom they pleased regardless of the wishes of defendant. To hold otherwise would require us to read a restriction in the contract that the parties themselves failed to insert, either in express language or by fair implication.

It is argued, however, that the sale of the stock and the agreement of the vendee to assume the performance of the contract divested the vendors of their property in the debt of defendant. Plaintiff is uncontradicted in the assertion, supported by evidence, that this debt was not assigned to Black, nor was it intended to be included in the property purchased by him. Defendant refused the request of both Black and plaintiff that he furnish

beer on that account and his real contention is that the property in his debt was not transferred by assignment to Black, but was wholly extinguished by the substitution of Black for the original lessees. His position, manifestly, is unsound, both in law and morals. His obligation under the contract was to pay that debt in beer when ordered by the lessees regardless of where or how they intended to use it, or of the continuation between them of the relation of landlord and tenant for any specified time. Plaintiff had the right to withhold that debt from the property sold to Black and, being guiltless of any breach of the contract, was entitled to have it paid as agreed, and, upon the refusal of defendant so to pay it, could maintain an action for a recovery in money.

Answering the argument that in transferring to Black the exclusive right to sell beer in Gentry, the vendors made it impossible for defendant to furnish them beer without violating this duty to Black, it is enough to say that Black, who derived his exclusive right to handle defendant's beer under a contract that required the payment of a debt of defendant in that product, was bound by this provision and took his right subject to it. In view of the fact that the order refused was for the shipment of the beer to Black, the point is too technical for serious consideration.

The demurrer was properly overruled and what we have said sufficiently answers the objections made to the instructions. The case was fairly tried and the judgment is affirmed. All concur.